United States District Court
Southern District of Texas
**ENTERED**
June 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:17-0561-1 |
| | § | |
| RODOLFO MARTINEZ, SR., | § | |
| BOP # 36204-479. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Rodolfo Martinez, Sr., filed a motion for compassionate release under 18 U.S.C. § 3582 (Dkt. 206) and an amended motion (Dkt. 209). The Government has responded in opposition (Dkt. 212). Having fully considered the motion, the briefing and supporting documents, the applicable law, and all matters of record, the Court **DENIES** Martinez's motions for the reasons explained below.

### I.   BACKGROUND

On April 20, 2018, Martinez pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 & 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1) & (h). According to the pre-sentence report, Martinez supervised his son and others in moving multi-kilogram amounts of cocaine and approximately $1.2 million in U.S. currency as part of drug and money laundering conspiracies. On October 17, 2018, the Court sentenced Martinez to 135 months in prison for each count, to run concurrently, and ten years of supervised release. This sentence was below the guideline range of 168 to 210 months.

*See* Dkt. 88 (re-arraignment); Dkt. 90 (plea agreement); Dkt. 118 (final pre-sentence investigation report); Dkt. 149 (judgment); Dkt. 150 (statement of reasons).

Martinez waived his right to appeal in his plea agreement, but then appealed *pro se*. On July 23, 2019, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. The mandate issued on August 14, 2019 (Dkt. 186; Dkt. 187).

Martinez seeks compassionate release based on his medical condition and an alleged disparity in his sentence. He states that he suffers from diabetes, hypertension, high cholesterol, thyroid complications, gastritis, and obesity, all of which are "highly correlated with hospitalizations" for COVID-19 (Dkt. 209, at 8-9). He also maintains that his sentence should be reduced because his immigration status creates a sentencing disparity and because other defendants, including his co-defendants, have received more lenient sentences.[1] He submits a proposed release plan (Dkt. 210, at 8-12, 14-17) and some records of his immunizations and medications (Dkt. 210-1, at 5-12).

The Government opposes Martinez's release, arguing that he is not of advanced age and that his arguments and evidence are insufficient to justify release under § 3582 (Dkt. 212).

Martinez has been detained since his arrest on February 12, 2018. According to publicly available BOP records, his projected release date is January 16, 2027. *See* Find

---

[1] *See, e.g., id.* at 10-11 (arguing that he will be deported to Mexico upon his release and therefore, because of his immigration status, is being denied a six-month term in a halfway house and a "one-off" of his sentence from an in-house drug residential program); *id.* at 13-14 (arguing that he was subject to an unwarranted sentencing disparity when he was sentenced to 135 months when "other similar[ly] situated defendants are sentenced to a more lenient sentence"); *id.* at 30 (arguing that he is subject to a sentencing disparity because he received "a more severe sentence than other similar[ly] situated defendants including his co-defendants").

an Inmate, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited June 14, 2023). To date, Martinez has served less than half of his 135-month sentence.

## II. COMPASSIONATE RELEASE UNDER U.S.C. § 3582(c)

In general, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Martinez moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to grant a reduction either upon motion by the Director of the BOP or upon motion of the defendant.

Section 3582(c)(1)(A) permits the sentencing court to grant a reduction in sentence, following consideration of factors set forth in 18 U.S.C. § 3553(a), where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). Therefore, a prisoner seeking release under § 3582(c)(1)(A) "must overcome three hurdles":

> First, [the prisoner] must prove that extraordinary and compelling reasons justify a sentence reduction. Second, the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). If the § 3553(a) factors weigh against a reduction, the district court has the discretion to deny the motion.

*United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022) (cleaned up). The defendant bears the burden to "convince the district judge to exercise discretion to grant the motion for compassionate release." *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (cleaned up); *Shkambi*, 993 F.3d at 392.

The district court must provide a "thorough factual record" and "specific factual reasons" for its decision, including but not limited to consideration of the § 3553(a) factors. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). However, the court is not required to provide a "lengthy explanation" when denying relief under § 3582(c). *United States v. McMaryion*, 64 F.4th 257, 262 (5th Cir. 2023).

A prisoner must exhaust administrative remedies before seeking relief under § 3582(c)(1)(A). *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). The parties agree that Martinez exhausted his remedies by submitting a request for reduction of sentence, which the warden of his facility denied on September 11, 2020 (Dkt. 209, at 51; *see* Dkt. 212, at 3). The Court therefore examines the merits of his request.

### A. Extraordinary and compelling reasons

A reduction in sentence may be based in part on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission's policy statement lists four factors that support a finding of "extraordinary and compelling reasons" under the statute: (A) certain medical conditions of defendant; (B) the defendant's advanced age, in combination with additional factors; (C) death or incapacitation of the caregiver for the defendant's minor children or incapacitation of the defendant's spouse; and (D) other reasons. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1. Although

district courts are not bound by the policy statement or its commentary, these factors inform the courts' analysis of motions under § 3582(c). *Shkambi*, 993 F.3d at 393; *Thompson*, 984 F.3d at 433. A general fear of infection with the COVID-19 virus does not entitle a defendant to release, especially when the defendant's medical conditions are controlled. *Thompson*, 984 F.3d at 434-35.

Here, Martinez seeks compassionate release based on his medical condition, listing his conditions including diabetes, hypertension, high cholesterol, and obesity (Dkt. 209, at 8-9). However, he does not claim that he suffers any acute medical problems and, moreover, submits medical records indicating that his conditions are known to, and treated by, medical staff with the BOP (Dkt. 210-1). These chronic medical conditions, without more, do not suffice as an extraordinary and compelling reason justifying his release. The Fifth Circuit has clearly stated that the risk of a worsened condition is insufficient:

> [I]t is the actuality, not the risk, of terminal illness that makes a prisoner's circumstances extraordinary. We have repeatedly denied relief in cases where prisoners sought compassionate release due to fear of communicable disease, even when those prisoners were in poor health.

*McMaryion*, 64 F.4th at 260. Martinez does not allege that his condition prevents his self-care in prison. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A).

Moreover, the "extraordinary and compelling reasons" standard under § 3582(c) "requires a prisoner to show he faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *McMaryion*, 64 F.4th at 259 (cleaned up). The pre-sentence report reflects that Martinez's conditions were known to the court at sentencing. *See* Dkt. 118, at 20, ¶ 88 (pre-sentence report notes Martinez's

weight and his medical history, including diabetes, hypertension, and high cholesterol). In fact, the Court departed below the guideline range based in part on these medical conditions (Dkt. 150). Martinez therefore does not show that his medical condition warrants early release.

Martinez also claims that he unfairly received lower sentences than his co-defendants and other "similarly situated" persons, whom he does not identify or describe (Dkt. 209, at 13-14, 30). However, the Government states that his co-defendants' sentences were affected by individualized considerations at sentencing, including Martinez's leadership role, the co-defendants' roles in the offense, and the fact that Martinez did not provide substantial assistance to the Government (Dkt. 212, at 8). Martinez does not contest the Government's points, and does not sufficiently demonstrate any basis for relief under §3582(c)(1).[2]

Martinez does not show an extraordinary or compelling reason warranting a reduction of his sentence.

### B. Factors under 18 U.S.C. 3553(a) and 18 U.S.C. § 3142(g)

Even if Martinez could demonstrate an extraordinary and compelling reason, § 3582(c)(1)(A) requires him to demonstrate that the sentencing factors in 18 U.S.C. § 3553(a) support his release. The applicable factors include the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to

---

[2] Similarly, Martinez's argument that, based on his immigration status, he will be unable to participate in certain early-release programs and thus will be "compelled to serve an extra 18 months in prison" (Dkt. 209, at 31) does not present any valid basis for relief under § 3582(c)(1).

reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; and the need to provide the defendant with training or treatment in the most effective manner. *See* 18 U.S.C. § 3553(a). The Commission's non-binding policy statement in U.S.S.G. § 1B1.13, which requires consideration of whether the defendant is a danger to any other person or the community as provided in 18 U.S.C. § 3142(g), also informs the Court's analysis.[3]

Martinez argues the Court should reduce his sentence by 60 months in light of the § 3553(a) factors (Dkt. 209, at 36). He claims that he should be released because there is "no clear and convincing evidence that [he] will be likely to pose a specific and substantial threat of causing bodily injury" or commit another "crime against the community" (*id*. at 15). He also claims that neither the record nor the Government has shown that he will be a threat to the community (*id*. at 36). However, as stated above, the Government does not carry the burden of proof on a motion under § 3582(c). Rather, Martinez must convince the Court that he is entitled to relief. *See Ward*, 11 F.4th at 361.

At sentencing, the Court assessed Martinez's sentence to protect the public and reflect the seriousness of his offense, as provided by § 3553(a). The imposed sentence was below the guideline range. Martinez's current filings present no sufficient basis for a

---

[3] The factors under § 3142(g) overlap substantially with the factors listed above for § 3553(a). *See* 18 U.S.C. § 3142(g) (factors relevant to determination regarding whether the defendant is a danger to others or the community include the nature and circumstances of the offenses of conviction; the weight of the evidence; the defendant's history and characteristics; and the nature and seriousness of the danger posed by the defendant's release).

reduction of his sentence based on the § 3553(a) factors. The Court in its discretion determines that Martinez has not met his burden to show that compassionate release under § 3582(c) is justified in his case.

### III. CONCLUSION

For the reasons stated above the Court **ORDERS** that the motions for compassionate release (Dkt. 206; Dkt. 209) filed by Rodolfo Martinez, Sr. are **DENIED** under 18 U.S.C. § 3582(c)(1)(A).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____June 15_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE